**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DORIS O. RODRIGUEZ,

    Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION
SERVICES LLC,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DORIS O. RODRIGUEZ (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, LLC ("Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply

parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Manatee County, Florida; the violations described in this Complaint occurred in this District; and Equifax transacts business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered in the State of Georgia, authorized to conduct business in the State of Florida through its registered agent,

Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person who is alleged to owe a debt.

14. On or about February 20, 2023, Plaintiff attempted to get instantly approved for a line of credit.

15. Upon information and belief, Plaintiff contacted Equifax and became aware of an account listed on her credit report that did not belong to her.

16. At that time, Plaintiff advised Equifax that the credit account did not belong to her.

17. Shortly thereafter, Plaintiff mailed a letter to the creditor explaining that the credit account did not belong to her.

18. In response to Plaintiff's dispute over the phone, on or about March 8, 2023, Equifax responded that Plaintiff's disputed Solar Mosaic LLC partial account *3631 ("Mosaic Account") was verified as accurate.

19. On or about April, 2023, Plaintiff again contacted Equifax by phone and disputed the Mosaic Account.

20. On or about May 2, 2023, Equifax again responded that Plaintiff's disputed Mosaic Account was verified as accurate.

21. On or about April 25, 2023, Plaintiff obtained a copy of her Equifax credit report (3615768836). Upon further review of her report, Plaintiff noticed an address that did not belong to her.

22. On May 4, 2023, Plaintiff mailed a detailed written dispute letter to Equifax regarding the erroneous reporting of the Mosaic Account. In this dispute letter, Plaintiff included a copy of her driver's license so that Equifax could properly identify Plaintiff.

23. Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail 7019 2280 0001 1435 1192.

24. Equifax failed to conduct any independent investigation, nor did they attempt to contact Plaintiff.

25. On May 15, 2023, Equifax responded with letter #000001033-FLT. Despite Plaintiff having provided her driver's license, a copy of bank statement, and copy of the closing disclosure from the purchase of her home, Equifax demanded further forms of identification. Equifax failed to address her disputes in violation of FCRA 1681i. Despite all the information Plaintiff provided, and clearly in an effort to save time and to discourage future disputes, Equifax failed to read the complete letter and demanded more information causing obstacles for Plaintiff to dispute information on her credit file.

26. Equifax failed to conduct any independent investigation, nor did they attempt to contact Plaintiff.

27. To Plaintiff's knowledge, as of the date of this Complaint, Equifax still lists the erroneous Mosaic Account that does not belong to Plaintiff.

28. Equifax failed to properly investigate the facts which Plaintiff explained in her numerous disputes and willfully chose to continue to publish false representations on Plaintiff's credit reports.

29. Equifax has kept the erroneous account and personal information on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not the debtor and victim of identity theft. Equifax received all the information necessary to clarify an obvious identify theft in Plaintiff's dispute letter.

30. Plaintiff has been recently abstaining from applying for credit because of the erroneous reporting as it is destroying her ability to get credit.

31. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Stress associated with denials;

   ii. Delay in applying for personal loans and lines of credit due to fear of further denials from Plaintiff's lowered credit score;

   iii. Monies lost by attempting to fix her credit;

   iv. Loss of time attempting to cure the error;

   v. Mental anguish, stress, embarrassment, aggravation, and other related impairments to the enjoyment of life.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC

32. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully set out herein.

33. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax allowed for a Furnisher to report inaccurate information on an account. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute. Equifax selects to flag letters as not being sent by consumers (like Plaintiff) and to avoid conducting re-investigations. Equifax chooses illegitimate flagging despite consumers (like Plaintiff) providing ample and sufficient evidence.

34. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and embarrassment of the credit denial when attempting to get approved for a line of credit.

35. Equifax's conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, DORIS O. RODRIGUEZ, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX

6

INFORMATION SERVICES LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C § 1681i
### as to Defendant, Equifax Information Services LLC

37. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully set out herein.

38. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

39. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Equifax took no independent action to investigate the dispute.

40. Equifax chose to ignore this information and simply parroted the information provided by the Furnisher, such as Solar Mosaic LLC.

41. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, DORIS O. RODRIGUEZ, demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Dated this 15th of June, 2023.

Respectfully Submitted,

***/s/Octavio Gomez***
Octavio "Tav" Gomez, Esquire
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Tav@theconsumerlawyers.com
Jason@theconsumerlawyers.com
*Attorney for Plaintiff*

**/s/ *Frank H. Kerney, III***
Frank H. Kerney, III, Esquire
Florida Bar #: 0088672
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, FL 33602
Cell: (813) 951-8278
Facsimile: (844) 951-3933
frank@theconsumerlawyers.com
*Attorney for Plaintiff*